57 CCPA

**JAQUET–GIRARD S.A., by change of name from Compagnie Des Montres Jaquet-Girard S.A., Appellant,**

v.

**GIRARD PERREGAUX & CIE., S.A., Appellee.**

**Patent Appeal No. 8279.**

United States Court of Customs and Patent Appeals.

April 9, 1970.

Russell L. Law, Washington, D. C., attorney of record, for appellant.

Francis J. Pisarra, New York City, for appellee. Henderson, Pisarra & Nolan, New York City, of counsel.

Before RICH, Acting Chief Judge, ALMOND, BALDWIN and LANE, Judges, and FORD, Judge, United States Customs Court, sitting by designation.

RICH, Acting Chief Judge.

This appeal is from the decision of the Patent Office Trademark Trial and Appeal Board [1] sustaining an opposition, No. 44,674, brought by appellee to the registration on the Principal Register by appellant of a trademark for "Timepieces and Separate Parts Thereof," application serial No. 155,584, filed October 22, 1962. The application is based on appellant's Swiss registration No. 191,936, dated April 26, 1962. We affirm.

Appellant's mark is

[A1601]

the letters at the top being "JG." Appellant explains the origin of this mark to be as follows. Appellant's predecessor in interest, in Switzerland, was Maison Jaquet S.A. In 1962 a Mr. Girard associated himself with that firm and the trade name "JG Jaquet+Girard" was adopted. This was done after appellee had been apprised of the intended association and appellee's president, Mr. Virchaux had responded with a letter expressing the view that in adopting a new name appellant should put the name Girard second rather than first since Girard Perregaux & Cie., S.A. was known to some of its clients as "Girard."

It appears from the file history of appellant's application that after several rejections by the examiner on the ground that the mark was unregistrable because of likelihood of confusion in view of appellee's registration, No. 644,713 of April 30, 1957, of GIRARD for "Watches and Components Thereof," the examiner was persuaded to pass the application to publication on the basis of Mr. Virchaux's letter in view of our decision in In re National Distillers & Chemical Corp., 49 CCPA 854, 297 F.2d 941, 132 USPQ 271 (1962). This opposition followed.

In the opposition only opposer-appellee took testimony. In addition to the registration of GIRARD, relied on by the examiner, opposer relied on registration No. 522,620 of March 21, 1950 of the trademark GIRARD PERREGAUX for "Watch Movements and Wrist and Pocket Watches."

The board found as facts that GIRARD PERREGAUX watches have been sold in many countries and, since 1935, in the United States through an exclusive distributor in connection with which domestic sales about $750,000 was spent in advertising during the five-year period preceding the taking of testimony. As to watches sold under their specific mark GIRARD, the board found sales and investment under the mark to have been minimal. The board's conclusion of law was:

Insofar as the marks are concerned, the name "Girard" is a prominent and

essential feature of one of opposer's pleaded registered marks and the sole feature of the other. This name is likewise a prominent and essential feature of applicant's mark; and, all things considered, it is our opinion that this feature of identity between the respective marks is such that their contemporaneous use for watches would be more than likely to cause confusion or mistake or to deceive.

Appellant has simplified the issue by conceding priority identity of the goods, and that Mr. Virchaux's letter is not a consent to register but is relied on only as an expression of "a considered business judgment by the president of opposer that it could live with a trade name and a trademark such as that ultimately adopted by applicant." It says the sole issue is whether the mark sought to be registered is "confusingly similar to opposer's trademark GIRARD PERREGAUX and the alleged trademark GIRARD * * *."

On this sole issue, we are of the view that the board reached the right conclusion. Appellant relies primarily on four prior rulings in this court on other marks but, as we have often said, prior decisions on different marks used under different circumstances are of little value in deciding a specific issue of likelihood of confusion. We feel, as the board apparently felt, that GIRARD is the more important part of the GIRARD PERREGAUX registered mark, the evidence showing that it is often used alone by customers of opposer. GIRARD is the totality of the other registered mark. GIRARD is also a prominent feature of appellant's mark and we feel that at least a substantial portion of the watch-buying public would be likely to think the watches sold under that mark as GIRARD watches. The evidence contains, moreover, certain episodes of actual confusion as to source of goods bearing the JAQUET+GIRARD mark, it being thought that opposer was the source.

The decision of the board is affirmed.

Affirmed.